CITY AND STATE SUPERVISION COMPANY, Plaintiff, *v.* JAMES HOGAN, Defendant.

Supreme Court, New York County, December 8, 1930.

*Arthur Kahr,* for the plaintiff.

*George Maislen,* for the defendant.

WALSH, J. The action is for rent under a lease and for sundry expenses made by plaintiff in connection with insurance, water charges and taxes which, under the terms of the lease, defendant agreed to pay. Defendant in his answer admits the making of the lease, but denies that the sums claimed are due, and by way of defense sets up constructive eviction. In his opposing affidavits he does not deny that the rent and other sums claimed have not been paid, but disclaims liability on the ground that he was evicted from the premises in January, 1930, the acts constituting such eviction being that plaintiff, in October, 1929, leased a store adjoining the premises occupied by defendant to a person who carried on a business of a disreputable nature, and allowed many persons of questionable character to congregate in front of said premises and make loud, boisterous and insulting remarks to the customers of the defendant; that by reason of such

conduct his business ceased and he quit the premises. He further states that he is " informed " that said adjoining tenant, outside of his business of conducting a cigar store, carried on the business of bookmaking; that is, betting on horse races. This statement, not being supported by any evidentiary facts and failing to set forth the sources of defendant's information, has no probative force so far as establishing that the adjoining store was a gambling resort. Nor does the mere characterization of a business as one of a disreputable nature permit the inference that the business there conducted created a nuisance. Defendant's sole ground of eviction, therefore, is the statement that persons of questionable character congregated in front of the adjoining store and made loud, boisterous and insulting remarks to defendant's customers. When such persons first gathered is not stated, but at all events defendant, by remaining in possession until after the January rent was due, is bound for the rent accruing prior to the time of his abandonment.

But it does not seem that there was an eviction. A constructive eviction occurs only where, through the landlord's acts, the tenant has been substantially deprived of the beneficial enjoyment of the demised premises. No act of the landlord showing such deprivation has been here shown. The renting of the premises for a purpose which would create a nuisance might establish a constructive eviction, but the mere conclusory statement that the letting was for the carrying on of a business of a disreputable nature is not evidence of the creation of a nuisance, particularly where, as here, the business is shown to be a cigar store, and defendant's only proof of its alleged disreputable nature is the statement that he is " informed " that " gambling " was there conducted. But no unlawful or improper acts interfering with defendant's enjoyment of the premises are stated to have occurred in said store.

His abandonment of the premises claiming to have been necessitated, not by the act of the landlord in leasing, nor the act of the lessee in conducting, such store, but by the acts of strangers to plaintiff while on the public highway and over whom it had no control, save the right, which was also open to defendant, to secure relief by application for police protection, plaintiff is entitled to judgment.